CLIFFORD V. HARDING *vs.* IMPERIAL PRINTING & FINISHING CO.

JANUARY 15, 1924.

PRESENT:   Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

(1)   *Workmen's Compensation Act.   Payment for Medical Services.*

Under the Workmen's Compensation Act, sec. 5, art. II, as amended by cap. 1534 pub. laws 1917, relating to medical and hospital services during the first four weeks after an injury while the employer does not become directly liable to the physician, or hospital, unless notice is given and the claim is presented as provided by said section, nevertheless, it was the intention of the statute to permit the employee to recover from the employer after he had personally paid for the services.

PETITION under workmen's compensation act.   Heard on appeal and decree of superior court reversed.

RATHBUN, J.    This is a petition, based on the statute commonly known as the Workmen's Compensation Act, to recover compensation for loss of wages and the amount paid by the petitioner for medical and hospital services. The case is before us on the petitioner's appeal from a decree entered by a justice of the Superior Court granting the petitioner compensation for loss of wages and refusing compensation for money expended for medical and hospital services.   Said decree states that "compensation for physician and hospital is denied because of failure upon their part to give the statutory notice."

Section 5 of Article II of the Workmen's Compensation Act as amended by Chapter 1534 of the Public Laws of 1917 is as follows: "Sec. 5.   During the first four weeks after the injury the employer shall furnish reasonable medical and hospital services and medicines when they are needed.

The amount of the charge for such medical and hospital services shall be determined in case of the failure of the employer and employee or his physician to agree, by the superior court. The employee shall have the right to select the physician by whom, or the hospital in which, he desires to be treated, but the employer shall become liable to such physician or hospital for the reasonable fees for such treatment: *Provided, however,* that the physician or hospital shall give written notice to the employer within seven days after the beginning of their services that they have been so selected and shall present their claim to the employer for the payment of such services within three months after the conclusion thereof, but the failure of the employer to receive such notice shall not render the employee liable for such service."

The petitioner paid the sum of $342.28 for medical and hospital services rendered him during the first four weeks after the injury. The petitioner selected the physician by whom, and the hospital in which, he was treated, but neither the physician nor the hospital gave "written notice to the employer within seven days after the beginning of their services that they had been so selected." Said justice found that said services were necessary and that the amount paid was a reasonable charge for the service. The question presented is whether the failure of the physician and hospital to give notice of their employment to the respondent within seven days bars the petitioner from recovering said sum of $342.28.

Said section 5 commences with the following sentence: "During the first four weeks after the injury the employer shall furnish reasonable medical and hospital service and medicines when they are needed." This language clearly means that the employer shall pay for such services and medicines. Said section further provides that "the employee shall have the right to select the physician by whom, or the hospital in which, he desires to be treated." The section further provides that "the employer shall become

liable to such physician or hospital for the reasonable fees for such treatment" provided written notice is given by the physician or hospital to the employer within seven days after the beginning of the services. The employer does not become directly liable to the physician or hospital unless notice is given and the claim is presented as provided by said section, but we think it was the intention to permit the employee to recover after he had personally paid for the services. It is clear from the language of said section that the legislature contemplated a possible agreement between the employer and the employee as to the amount of the charge for such medical and hospital services. Why should the employee attempt to agree with the employer as to a charge for such services if the employee is not to be reimbursed after paying for the services. The requiring of the notice and presentation of claim is merely for the protection of the employer that he may not be required to pay twice for the same service.

Said justice found that the amount paid by the petitioner, viz., $342.28, was a reasonable charge for necessary services. The petitioner is entitled to said amount.

The decree appealed from is reversed, in so far as it denies compensation for medical and hospital services. In all other respects said decree is affirmed. The parties may on the 23rd day of January, 1924, submit for approval a form of decree in accordance with this opinion.

*Augustine H. Downing*, for petitioner.
*Frederick A. Jones*, for respondent.